operate. There was no proof that the installation of the television antenna would constitute an alteration of the building within the purview of section 240 of the Labor Law or fall within any other specification of that statute. It cannot be said, as a matter of law, that the attachment of such an appliance would constitute an alteration of the building. There was no proof of negligence on the part of defendants and, in fact, plaintiff's injuries appear to have been the result of his own action. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.

■

JEROME RAKAUSKAS, Respondent, v. CHARLES F. KONECNY et al., Appellants, et al., Defendants.— Appeal by defendants Konecny from a judgment of the Supreme Court, entered in Broome County in favor of plaintiff in an action to foreclose a mechanic's lien, and from an order of the Supreme Court at Special Term in Broome County, denying defendants' motion to set said judgment aside. After a trial the Official Referee has granted judgment to the plaintiff, a building contractor, for a balance found to be due upon an oral contract for the construction of a house for appellants. Plaintiff-respondent contends that the oral contract was a time and material contract whereby he gave an estimate, but was to be paid for materials and labor, including his own labor. He also contends that numerous and substantial changes requiring additional work and materials were made at the instance of the appellants as the work progressed. Appellants contend that the oral contract was for the complete house at a fixed price which has been paid. They also interpose a counterclaim for failure to complete the job. The Official Referee has found that the parties agreed upon a time and material contract, not a fixed price contract or *quantum meruit* arrangement, and has found that plaintiff furnished labor and materials in excess of payments made. Only a question of fact and the credibility of witnesses is involved, and the record adequately sustains the findings of the court below. It is inherent in the judgment for the plaintiff that the counterclaim was disallowed except for certain items which were offset against the amount of plaintiff's claim. Judgment unanimously affirmed, with costs, and the order is affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.

■

EDWARD STAPLETON, as Administrator of the Estate of BERNICE STAPLETON, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31118.) — Appeal from a judgment of the Court of Claims dismissing the claim herein on the merits at the close of claimant's case. Claimant's intestate, a young woman eighteen or nineteen years of age, was a passenger in a motor vehicle operated by a young man whose name was Bradley. About 3:00 o'clock on the morning of December 26, 1950, when the car was being driven in a southerly direction on a public highway in the County of Ulster, known as Route 13, it left the highway and plunged over an embankment into the Wallkill River. Claimant's intestate was drowned. Route 13 winds along the Wallkill River, and is a highway of many curves. The accident happened on a curve which bore to the left in the direction the car was proceeding, and which had a radius of 300 feet. To the right was the river and on that side of the curve there were guide posts but no cable connecting them. The macadam part of the highway at that point was twenty feet wide. The force of the collision broke off two or three guide posts. Bradley testified that the car was running at a speed of